UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINDY BARAD ELIAS,

                Plaintiff,

– against –

GETTRY MARCUS CPA, P.C. and MARC
HEPPEN, CPA,

                Defendants.

**OPINION AND ORDER**

17 Civ. 4066 (ER)

Ramos, D.J.:

       Cindy Elias ("Elias" or "Plaintiff") brings this action against her former accounting firm, Gettry Marcus CPA, P.C. ("Gettry") and Marc Heppen, CPA ("Heppen"), a Gettry accountant, (collectively, "Defendants"), claiming malpractice, conflict of interest, breach of fiduciary duty, breach of contract, gross negligence, and tortious interference with a valid prenuptial agreement. Doc. 1. Elias alleges that Defendants conspired against her during her divorce proceedings by encouraging her former husband to act in violation of their prenuptial agreement and by improperly revealing her confidential financial information to him. *Id.*

       On June 25, 2018, the Court partially granted Defendants' motion to dismiss the complaint with respect to the breach of contract claim and denied the motion in all other respects. Doc. 39, (the "Order").[1] Specifically, while the Court dismissed Plaintiff's breach of contract claim because it was duplicative of the malpractice claim, the Court concluded that the balance of her claims are not barred by the mutual release clause in the Marital Settlement Agreement (the "MSA"), entered into in connection with her divorce, and therefore permitted

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

them to stand. *Id.* Defendants now move pursuant to Local Rule 6.3 for reconsideration of the Order, arguing that the Court should grant Defendants' motion to dismiss in its entirety or, in the alternative, that the Court should certify the Order to allow Defendants to file an interlocutory or final appeal. Doc. 42. For the reasons set forth below, Defendants' motion for reconsideration and request for certification of the Order are DENIED.

I.  **LEGAL STANDARD**

   **A. Rule 6.3 Motion for Reconsideration Standard**

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* Local R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks

omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### B. 28 U.S.C. § 1292 Standard for Certification

Section 1292 of Title 28 of the United States Code grants district courts discretion to certify an issue for interlocutory appeal where the issue involves "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Accordingly, section 1292(b) "must be strictly construed" and "only exceptional circumstances [will] justify a departure" from the final judgment rule. *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (alteration in original) (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, No. 00 CIV. 3666 (SAS), 2001 WL 88230, at *1 (S.D.N.Y. Feb. 1, 2001)).

"Whether to certify a question for interlocutory appeal is trusted to the sound discretion of the district court," which may deny certification even if the statutory criteria are satisfied. *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007) (quoting *Morris v. Flaig*, 511 F. Supp. 2d 282 (E.D.N.Y. 2007)). Moreover, "the fact that district courts

have the power to certify questions for interlocutory appeal in no way suggests that interlocutory appeal should be the norm." *Id.* at 10. Indeed, the Second Circuit has held that, although section 1292(b) was designed as a means of making interlocutory appeals available, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler*, 101 F.3d at 865. Accordingly, "[t]he Second Circuit has repeatedly emphasized that district courts must 'exercise great care in making a § 1292(b) certification.'" *Wausau Bus. Ins. Co.*, 151 F. Supp. 2d at 491-92 (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

## II. DISCUSSION

### A. Reconsideration

#### i. Exclusive Jurisdiction

Defendants argue that the Court overlooked the fact that the exclusive jurisdiction provision and mandatory forum selection clause in the MSA "deprive the Court of jurisdiction to interpret the applicability of the MSA and the MSA's release." Doc 42 at 3. According to Defendants, as a result of this clause, "the Court should have found that Florida's 15th Judicial Circuit had exclusive and sole jurisdiction over interpretation of the terms of the MSA's release." *Id.* at 4.

It is well-settled law that in a motion for reconsideration "the moving party may not advance new facts, issues or *arguments* not previously presented to the Court." *Impax Laboratories, Inc. v. Turing Pharmaceuticals AG*, No. 16 Civ. 3241 (ER), 2018 WL 5811431, at *5 (S.D.N.Y. Nov. 6, 2018) (quoting *Brown v. Barnhart*, No. 04 Civ. 2450 (SAS), 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) (internal quotation marks omitted; emphasis added). Here, in their memorandum of law in support of the motion to dismiss, Defendants did not argue

4

that the complaint should be dismissed because the Court lacked jurisdiction to interpret the applicability of the MSA and the MSA's release, nor, more generally, did they move to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Instead, Defendants merely identified that an exclusive jurisdiction provision and mandatory forum selection clause existed in the MSA and expressly invited this Court to interpret the relevant clauses of the MSA in their favor. As such, Defendants' motion for reconsideration is denied on this basis alone.

Furthermore, even if the Court were to consider this new argument in the current motion, as a matter of law, Defendants have waived any rights that they may have had under the MSA's exclusive jurisdiction provision and mandatory forum selection clause. While "[t]here is a strong public policy in favor of enforcing forum selection clauses," this Court has held that a "forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced." *Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC*, 690 F.Supp.2d 311, 328 (S.D.N.Y.2010) (internal citation and quotations omitted). When considering whether "a party has waived enforcement of a forum selection clause through its pretrial conduct, 'courts have found implied waiver of venue where a party has repeatedly represented that venue is appropriate . . . or actively pursued substantive motions.'" *Id.* (quoting *Diesel Props S.r.L. v. Greystone Bus. Credit ii LLC*, No. 07 Civ. 9580(HB), 2008 WL 4833001, at *15 (S.D.N.Y. Nov. 5, 2008).

In the case at bar, Defendants failed to preserve their proclaimed contractual rights under the MSA's exclusive jurisdiction provision and mandatory forum selection clause by not stating that the complaint should be dismissed for lack of jurisdiction. Instead, Defendants actively pursued a motion to dismiss Plaintiff's complaints on substantive grounds by asking this Court to

5

interpret the MSA and its relevant clauses in their favor – an action that is wholly inconsistent with their current claim that this Court has no jurisdiction to interpret the MSA.

        ii.    **Plaintiff's Waiver of Claims By Not Raising Them in Dissolution of Marriage Action**

Defendants argue that "the Order overlooked and failed to address the fact that Plaintiff's failure to raise any claim against Gettry and/or Heppen in the Dissolution of Marriage Action . . . waived any claim against [Defendants], warranting the Order's reconsideration . . ." Doc. 42 at 7. Ultimately, Defendants' contention is that, in the divorce action, Plaintiff elicited extensive testimony from Heppen so, therefore, could have impleaded Heppen and/or Gettry in a similar fashion as Plaintiff named other entities related to her spouse in that action. *Id.* at 6. This contention is unpersuasive.

First, as Elias stated in her memorandum in opposition to dismiss, the other entities who were named in the divorce action were proper parties to that action because they "were thought to be in possession of property belonging to one or the other spouse or the marital estate." Doc. 35 at 16. Defendants, however, were not proper parties because they were not in possession of any property belonging to either Plaintiff, her spouse, or the marital estate. Additionally, Plaintiff's claims against Defendants arose from their "professional misconduct as *her* accountants and tax advisors," not from their actions while acting as agents of her husband. *Id.* (emphasis added). Lastly, the presiding judge in the divorce action "repeatedly rejected attempts to implead third parties, and instead directed the parties to pursue any tort claims against non-parties through separate proceedings." Doc. 44 at 9 (citing June 11, 2014 Hr'g Tr., Dkt. # 36-7 at 28:7-18).

As such, Defendants' motion for reconsideration on the basis that Plaintiff waived her claims against Defendants by not raising them in the divorce action is also denied.

### iii. Tortious Interference Claim

Defendants argue that "the Court overlooked and misconstrued the fact that," in their underlying motion, Defendants moved to dismiss all of Plaintiff's claims including the claim for tortious interference. Doc. 42 at 7. The Court acknowledges that Defendants' memorandum of law does in fact mention Defendants' general desire to "dismiss the Complaint and the Complaint's causes of action in their entirety," as well as references all of the specific claims made by Plaintiff in her Complaint, including the tortious interference claim. Doc. 29 at 1. However, the mere mention of the tortious interference claim in the first page of Defendants' brief represents the full extent to which Defendants address this particular claim. While Defendants explicitly put forth their arguments addressing the breach of contract, malpractice, breach of fiduciary duty, gross negligence, and conflict of interest claims in separate sections of their brief, they did not provide any argument whatsoever against the tortious interference claim and, therefore, have abandoned that claim. *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F.Supp. 895, 907 (S.D.N.Y.1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), *aff'd*, 130 F.3d 1101 (2d Cir.1997).

Additionally, a "party's failure to address [a] claim raised in [an] adversary's papers may indicate abandonment." *Hanig v. Yorktown Cent. School Dist.*, 384 F.Supp.2d 710, 723 (S.D.N.Y. 2005) (citing *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 828 F.Supp. 1114, 1129 (S.D.N.Y.1993). In *Galin v. Hamada*, No. 15 Civ. 6992 (JMF), 2016 WL 2733132, at *3 (S.D.N.Y. May 10, 2016), the court ruled that the defendant abandoned his argument against an equitable lien claim because the defendant did not renew his argument in his reply after the plaintiff responded to the defendant's motion to dismiss. Similarly, in the instant case, in Defendants' reply, they did not rebut Plaintiff's claim that "Defendants concede[d] that the

Complaint states a viable claim for tortious interference with contract," because "[they] expressly acknowledge[d] the existence of [the] claim, but offer[ed] no argument as to why it should be dismissed." Doc. 35 at 23 n.13; *see generally* Doc. 37. As such, Defendants further abandoned their argument against the tortious interference claim by not rebutting the Plaintiff's claim in her opposition papers.

Given that Defendants implicitly abandoned their argument against Plaintiff's tortious interference claim, the Court did not overlook any factual matter relating to this claim in the Order and appropriately did not address it.

### B. Certification of the Order

Defendants' request for certification of the Order is both procedurally and substantively infirm. From a procedural standpoint, this Court's Individual Practice 2(A)(ii) requires that a party arrange a pre-motion conference in advance of making a motion, barring certain exceptions. As Plaintiff accurately represents in her memorandum of law in opposition to the instant motion, while Individual Practice 2(A)(ii) includes an exception for motions for reconsideration, no such exemption exists for motions seeking certification. Doc. 44 at 10. Therefore, Individual Practice 2(A)(ii) required Defendants to arrange a pre-motion conference prior to seeking certification of the Order, and the motion may be dismissed without prejudice on this basis alone.

From a substantive standpoint, the "controlling question of law" necessary to satisfy the first prong of section 1292(b) "must be a 'pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Moses v. Westchester County Dep't of Corr.*, No. 10-cv-9468, 2014 U.S. Dist. LEXIS 44969, at *9 (S.D.N.Y. Mar. 31, 2014) (quoting *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30,

2003)) (internal quotation marks omitted). Defendants' claim that there are "multiple questions of controlling law as to which there is substantial ground for difference of opinion [that] inherently flow from the Order, including whether the MSA's release applies to Defendants, whether this court lacked jurisdiction to interpret the MSA's release provisions . . . and whether Plaintiff waived claims that could have been raised in Plaintiff's Dissolution of Marriage Action or relate to Plaintiff's marriage or Plaintiff's dissolution of marriage." Doc 42 at 8. However, the aforementioned questions are not "pure" questions of law because the reviewing court would have to delve deeply into the record to adequately understand the factual circumstances surrounding the MSA, most notably Plaintiff's direct and extensive relationship with Defendants, before it can interpret the scope and applicability of the relevant clauses in this action.

Similarly, with regards to the second prong of section 1292(b), Defendants have not shown that there is substantial ground for difference of opinion to the Court's holding in the Order. "To determine whether 'the issue for appeal is truly one on which there is a *substantial* ground for dispute,' a district court must 'analyze the strength of the arguments in opposition to the challenged ruling.'" *Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 593-94 (S.D.N.Y. 2009) (emphasis in original) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). "There must be 'substantial doubt' about whether the initial decision was correct; that one party simply maintains that it was incorrect is not sufficient." *Moses*, 2014 U.S. Dist. LEXIS 44969, at *11 (citing *Ralph Oldsmobile Inc. v. Gen. Motors Corp.*, No. 99 Civ. 4567 (AGS), 2001 WL 55729, at *3 (S.D.N.Y. Jan. 23, 2001)). In the case at bar, while Defendants merely make a declarative statement that there are "multiple questions of controlling law as to which there is substantial ground for difference of opinion," it can be inferred that Defendants' ultimate argument is that they disagree with the Court's interpretation of the relevant clauses in the MSA.

9

Doc 42 at 8. Given that Defendants' challenge simply hinges on their interpretation of the MSA as opposed to the Court's interpretation, this disagreement does not rise to the level of substantial grounds for difference of opinion.

Lastly, while an immediate appeal does in fact have the potential to advance the ultimate termination of this action if it is determined that this Court did not have jurisdiction to review and interpret the MSA, given that Defendants have failed to satisfy the first two statutory requirements of section 1292(b), the Court denies Defendants' request for certification of the Order.

**III. CONCLUSION**

For the reasons set forth above, Defendants' motion for reconsideration and Defendants' request for certification of the Order are DENIED. The parties are directed to appear for an Initial Pretrial Conference on Thursday, March 14, 2019 at 11:30am. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 40.

SO ORDERED.

Dated: March 6, 2019
New York, New York

Edgardo Ramos, U.S.D.J.